**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC, et al., | No. CV-25-01818-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Unknown Party, | |
| Defendant. | |

Plaintiff Fornix Holdings LLC owns the copyrights on hundreds of works it licenses to plaintiff CP Productions. CP Productions "owns and runs" a subscriber-based website where the copyrighted works are available. (Doc. 1 at 3.) Plaintiffs seek permission to complete alternative service on the unknown individual plaintiffs believe is responsible for unauthorized distribution of the copyrighted works.

Plaintiffs allege a website found at pleasurepixel.com—a domain name owned and operated by John Doe—is distributing free copies of plaintiffs' copyrighted works. (Doc. 1 at 8.) By making plaintiffs' works "available for free streaming," John Doe diverts users from paying to access plaintiffs' works. (Doc. 1 at 8.) The registrant information for pleasurepixel.com is redacted except "the 'registrant state/province' is provided as 'North Holland,' a province of the Netherlands." (Doc. 10-1 at 2.)

In May 2025, plaintiffs filed their complaint asserting a single claim for copyright infringement against John Doe. (Doc. 1). On July 31, 2025, an employee of the firm representing plaintiffs sent an email to contact@pleasurepixel.com and requested a

1  "physical address so service could be properly effectuated." (Doc. 10-1 at 3.) Two days
2  later, a response was received identifying an address in the Netherlands. (Doc. 10-1 at 3.)
3  Plaintiffs sent the summons and complaint to that address via FedEx and the United States
4  Postal Service. Counsel then received an email stating the physical address was for a "small
5  datacenter" and the operators there had "no idea who owns the site Pleasurepixel.com."
6  (Doc. 10-1 at 3.) Plaintiffs' counsel emailed a company that provides services to
7  pleasurepixel.com and asked for a physical address of the site's operator, but that email
8  was not answered. (Doc. 10-1 at 4.)
9        Despite efforts to uncover John Doe's address, plaintiffs have not been successful.
10 Plaintiffs appear to argue the only information they have is that John Doe is located
11 somewhere in the Netherlands and therefore request permission to serve John Doe via
12 email to contact@pleasurepixel.com. (Doc. 10-3 at 7.)
13       "Rule 4(f)(3) permits service in a place not within any judicial district of the United
14 States 'by . . . means not prohibited by international agreement as may be directed by the
15 court.'" *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).
16 Service of process under this rule "is neither a 'last resort' nor 'extraordinary relief'" but
17 "merely one means among several which enables service of process on an international
18 defendant." *Id.* at 1015. A district court may authorize this form of alternative service if
19 the plaintiffs "demonstrate that the facts and circumstances . . . necessitate[]" such relief.
20 *Id.* at 1016.
21       The United States and the Netherlands are both parties to the Hague Service
22 Convention. (Doc. 10-3 at 6.) But "Article 1 of the Hague Service Convention states that
23 it does not apply 'where the address of the person to be served with the document is not
24 known.'" (Doc. 10-3 at 6.) Plaintiffs do not know John Doe's address and there does not
25 appear to be any method for plaintiffs to learn that address. An email sent to
26 contact@pleasurepixel.com received a response, indicating that email address is
27 monitored. In these circumstances, service via email will provide adequate notice of this
28 suit.

Accordingly,

**IT IS ORDERED** the Motion (Doc. 10) is **GRANTED**. Within five days of this order plaintiffs shall serve the Summons and Complaint in this action on defendant via email to contact@pleasurepixel.com and file proof of service on the docket.

**IT IS FURTHER ORDERED** if no response to the complaint is made by the applicable deadline, plaintiffs shall apply for entry of default no later than ten days after expiration of the deadline. Plaintiffs shall apply for default judgment within ten days of default being entered.

Dated this 18th day of August, 2025.

Honorable Krissa M. Lanham
United States District Judge