**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Fornix Holdings LLC, et al.,

        Plaintiffs,

v.

Unknown Party,

        Defendant.

No. CV-25-01818-PHX-KML

**ORDER**

Plaintiff Fornix Holdings LLC owns the copyrights on hundreds of works it licenses to plaintiff CP Productions. CP Productions "owns and runs" a subscriber-based website where the copyrighted works are available. (Doc. 1 at 3.) Plaintiffs allege a website found at pleasurepixel.com—a domain name owned and operated by defendant John Doe—is distributing free copies of the copyrighted works. (Doc. 1 at 8.) Plaintiffs seek default judgment on their claim for copyright infringement. (Doc. 15.)

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**1. Possibility of Prejudice**

The first factor regarding the prejudice to plaintiffs weighs in favor of default judgment because if "default judgment is not granted, [p]laintiffs will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**2. Merits of the Claims and Sufficiency of the Complaint**

The second and third factors require assessing the merits of plaintiffs' claim and the sufficiency of the complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

Plaintiffs allege a single claim for copyright infringement. (Doc. 1 at 11-12.) "A copyright plaintiff must prove (1) ownership of the copyright; and (2) infringement—that the defendant copied protected elements of the plaintiff's work." *Ambrosetti v. Oregon Cath. Press*, 151 F.4th 1211, 1218 (9th Cir. 2025) (simplified). Plaintiffs "produce[], market[], and distribute[] adult entertainment visual and audiovisual works" and have "registered copyrights for 435" works. (Doc. 1 at 4-5.) The first requirement of copyright ownership is met.

Defendant owns and operates <pleasurepixel.com>. Defendant uses that domain name "to promote and distribute" plaintiffs' copyrighted works. (Doc. 1 at 8.) Defendant uploaded the works for distribution via the domain name. (Doc. 1 at 9.) Making the works available at the domain name resulted in "unauthorized copies," and the display and distribution of plaintiffs' copyrighted works is occurring without plaintiffs' permission. (Doc. 1 at 9.) Plaintiffs own the copyrights to works that defendant is distributing without plaintiffs' permission. These basic facts meet the second requirement of "infringement." Plaintiffs have stated a strong claim of copyright infringement such that the second and third default judgment factors weigh in favor of default judgment.

**3. Amount in Controversy**

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014).

The Copyright Act allows statutory damages between $750 and $30,000 per infringed work. 17 U.S.C. § 504(c)(1). Those damages can be increased up to $150,000 per work if the infringement is willful. 17 U.S.C. § 504(c)(2). Plaintiffs have identified 44 infringing videos on defendant's site. (Doc. 15 at 7.) Plaintiffs seek an award of $30,000 per infringed work, the maximum possible award for non-willful infringement. This would result in a total award of $1,320,000. (Doc. 15 at 17.) This is a significant amount and weighs against default judgment.

**4. Dispute Over Material Facts**

The fifth factor is whether there are any disputes over material facts. Defendant's decision to not participate means there is no indication of such disputes. This factor weighs in favor of default judgment.

**5. Excusable Neglect**

There is no evidence defendant's failure to participate is the result of excusable neglect. This factor weighs in favor of default judgment. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion.").

**6. Policy Favoring Decisions on the Merits**

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not

dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (simplified).

**7. Default Judgment is Merited**

The relatively large amount in controversy and the preference for resolving cases on their merits do not outweigh the other factors supporting entry of default judgment. Default judgment is appropriate.

**8. Damages**

It is plaintiffs' burden to prove the amount of their damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). Plaintiffs request an award of $1.32 million in statutory damages based on defendant distributing 44 copyrighted works. They have not established that level of award is appropriate.

In determining an appropriate amount of damages in a copyright case, "the court is to be guided by what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like." *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (simplified). "Statutory damages are intended as a substitute for profits or actual damage," but such awards also are not meant "to provide copyright owners a windfall." *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1271 (9th Cir. 2021) (simplified). One court "[h]armoniz[ed] these principles" by concluding a plaintiff "may seek an award of minimum statutory damages without disclosing any damages calculations but, to avoid a potential windfall, it must provide some evidence of its lost profits or [the infringer's] profits if it seeks an award greater than the statutory minimum." *Atari Interactive, Inc. v. Redbubble, Inc.*, 546 F. Supp. 3d 883, 889 (N.D. Cal. 2021).

Plaintiffs do not offer any evidence to support their request for an award of the maximum amount of statutory damages. They do not offer evidence, for example, that they have suffered a decline in profits that might be tied to defendant's actions, or even a conservative estimate of the monthly fees they would have collected based on the "thousands of views" of their works they believe occurred on defendant's site. (*See* Doc. 1 at 9.) Plaintiffs also claim statutory damages are necessary to provide compensation for

their "loss of business and legal expenses." (Doc. 15 at 17.) But plaintiffs also request a separate award of attorneys' fees, meaning any portion of statutory damages attributable to "legal expenses" may be duplicative of a future attorneys' fees award.

Without any meaningful evidence of the harm, an award of $1.2 million would be an inappropriate windfall. Based on the reasoning in *Atari*, an award of $750 per work is appropriate. The appropriate total award is $33,000 ($750 for each of the 44 works).

Although plaintiffs have established defendant is engaged in ongoing infringing activities, that does not automatically entitle them to a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006). Plaintiffs are entitled to an injunction only upon showing "(1) that [they have] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff[s] and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* at 391.

Defendant's ongoing distribution of copyrighted materials deprives plaintiffs of their "ability to control the use and transmission of their Copyrighted Works, thereby causing irreparable injury." *Warner Bros. Ent. Inc. v. WTV Sys., Inc.*, 824 F. Supp. 2d 1003, 1012–13 (C.D. Cal. 2011). The infringement also deprives plaintiffs of revenue and risks "reputational damages." (Doc. 15 at 18.) "Evidence of loss of control over business reputation and damage to goodwill [can] constitute irreparable harm." *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013). In addition, defendant ignored this litigation, meaning it is likely "an award of monetary damages will be meaningless, and [plaintiffs] will have no substantive relief" because "it will be impossible to collect an award for past and/or future infringements perpetrated by a defendant." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1217 (C.D. Cal. 2007). Requiring defendant stop its infringing activities will not cause any legitimate hardship. And the public interest is served in enforcing copyright law. A permanent injunction prohibiting defendants from continuing their activities is appropriate.

Plaintiffs also seek permanent injunctive relief in the form of an order requiring non-parties transfer defendant's domain name to plaintiffs' possession. (Doc. 15 at 19.) It is clear a domain name can be transferred when a plaintiff prevails on certain trademark claims, *see* 15 U.S.C. § 1125(d)(1)(C), but no trademark claims are asserted here. The current statute regarding appropriate relief for copyright infringement may not allow a court to order the transfer of domain names. *But see* 17 U.S.C. § 503(b) (allowing for "destruction or other reasonable disposition" of "articles" used to produce infringing copies). But defendant has not appeared here to challenge the remedy, and "a number of courts have found that a transfer of domain names is an appropriate remedy to prevent further infringement of a copyright holder's rights." *McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018). Ordering transfer of a domain name can be appropriate if the infringement is ongoing and there are indications the defendant will not comply with an injunction. *See id.* at 501; *Philip Morris USA, Inc. v. Otamedia Ltd.*, 331 F. Supp. 2d 228, 246 (S.D.N.Y. 2004). Here, defendant concealed its identity, ignored this litigation, and communicated an intent to continue its infringing activities. (Doc. 15-10 at 3-4.) Plaintiff is entitled to an order transferring the domain name.

**10. Discovery**

Plaintiffs seek permission to conduct post-judgment discovery to uncover defendant's identity.[1] That discovery would involve third-party subpoenas to various companies providing services to defendant to allow plaintiff to collect on the monetary portion of any judgment. (Doc. 15 at 22-24.) In general, "leave of Court [is] not required to conduct post-judgment discovery with respect to enforcement of the monetary portion of [a] judgment." *Chevron Corp. v. Donziger*, 325 F. Supp. 3d 371, 377 (S.D.N.Y. 2018); *Data Axle, Inc. v. CFM Data Network, LLC*, No. 23-CV-3255 (LMP/DLM), 2024 WL 5285003, at *1 (D. Minn. Dec. 9, 2024) ("a judgment creditor does not need a court order

---

[1] Plaintiffs' motion on this point is not entirely clear. Plaintiffs describe the requested discovery as "expedited" and claim advance permission is necessary because of the prohibition found in Fed. R. Civ. P. 26(f) prohibiting discovery before the case management conference. (Doc. 15 at 20.) But the remainder of plaintiffs' motion for default judgment contemplates immediate entry of a final judgment. Plaintiffs therefore appear to actually be focused on post-judgment discovery.

to propound post-judgment discovery"). Because no advance permission is needed, the request for discovery is denied at this time.

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 15) **IS GRANTED IN PART**. The Clerk of Court is directed to enter a judgment in favor of plaintiffs and against John Doe as the owner and operator of pleasurepixel.com in the amount of $33,000.00 and close this case.

**IT IS FURTHER ORDERED** defendant Doe, and all of its officers, agents, servants and employees, and all those persons or entities acting in active concert or participation with Doe, and all persons and entities who receive actual notice of this order, are immediately and permanently enjoined from engaging in any of the following activities:

    a. Storing, reproducing, displaying, or distributing any of the audiovisual works provided in Exhibits A at Doc. 15-3 ("Copyrighted Works");

    b. Transmitting, retransmitting, assisting in the transmission of, requesting transmission of, streaming, hosting or providing unauthorized access to, or otherwise publicly performing, directly or indirectly, by means of any device or process, plaintiffs' Copyrighted Works;

    c. Selling, advertising, marketing, or promoting any Copyrighted Works;

    d. Creating, operating, maintaining, or managing any website in support of the activities described in ¶¶ (a)-(c);

    e. Registering, owning, receiving, or transferring any domain name in support of the activities described in ¶¶ (a)-(d);

    f. Creating or providing assistance to others who wish to engage in the activities described in ¶¶ (a)-(e).

**IT IS FURTHER ORDERED** defendant Doe is further immediately and permanently enjoined from engaging in any activities having the object or effect of fostering infringement of plaintiffs' Copyrighted Works, whether through the Infringing

Website (Pleasure Pixel found at the domain name <pleasurepixel.com>) or otherwise, including without limitation engaging in any of the following activities:

a. Advertising or promoting unauthorized access to or the availability of plaintiffs' Copyrighted Works;

b. Encouraging or soliciting others to transmit or reproduce plaintiffs' Copyrighted Works;

c. Encouraging or soliciting others to upload, post or index any files that constitute, correspond, point or lead to any of plaintiffs' Copyrighted Works;

d. Encouraging or soliciting others to offer transmission of plaintiffs' Copyrighted Works;

e. Providing technical assistance, support services or servers to others engaged in infringement of, or seeking to infringe, plaintiffs' Copyrighted Works;

f. Creating, maintaining, highlighting or otherwise providing access to lists or forums that include, refer to or signal the availability of plaintiffs' Copyrighted Works;

g. Including references to plaintiffs' Copyrighted Works in any promotional materials; and

h. Creating, maintaining or providing access to the Infringing Website.

**IT IS FURTHER ORDERED** Cloudflare, Inc., as registrar of the domain name <pleasurepixel.com>, upon notice of this order, is directed to:

a. Immediately disable <pleasurepixel.com>, or any subset of <pleasurepixel.com>, specified by plaintiffs, through a registry hold or otherwise, to prevent Doe from transferring, redirecting, or changing the status of the said domain name; and

b. At the direction of plaintiffs, transfer <pleasurepixel.com>, to plaintiffs' ownership and control, including, inter alia, by changing the registrar of record to the registrar of plaintiffs' choosing; and

c. Suspend any services for <pleasurepixel.com> or to defendant Doe.

**IT IS FURTHER ORDERED** VeriSign, Inc., as the authoritative registry for the domain name <pleasurepixel.com>, upon notice of this order, is directed to:

a. immediately, upon notice of this order, place an administrative lock on the domain <pleasurepixel.com> to prevent any changes to the domain registration, including transfer to another registrar, modification of name servers, or alteration of registration information, pending further order of this court; and

b. Refrain from enabling any changes to the registration or status of the domain <pleasurepixel.com> that could circumvent this order, including but not limited to transfer, deletion, or reactivation, pending further order of this court.

Dated this 6th day of April, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**